# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: THE COMPLAINT OF FUNK AND GLAVES-FUNK FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY, | Case No. 21-cv-1046-MMA (RBB)<br><br>**ORDER GRANTING CLAIMANT GEICO MARINE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE LATE ANSWER AND CLAIM**<br><br>[Doc. No. 19] |

Claimant Geico Marine Insurance Company ("Geico") moves "for Leave to File its Answer and Counterclaim out of time" pursuant to Federal Rule of Civil Procedure 6(b). *See* Doc. No. 19 at 1–2.[1] Plaintiffs-in-Limitation Harry Funk and Laura Glaves-Funk (collectively, "Plaintiffs-in-Limitation") have not filed an opposition brief or notice of non-opposition, *see* CivLR 7.1.e.2, 7.1.f.3, but Geico represents that Plaintiffs-in-Limitation do not oppose the motion, *see* Noma Decl., Doc. No. 19 ¶ 7. The Court finds the matter suitable for determination on the papers and without oral argument pursuant to

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system. Additionally, Geico's counsel has rectified the missing signatures in the motion. *See* Doc. No. 21.

1

Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** Geico's motion.

## I. BACKGROUND

Plaintiffs-in-Limitation, owners of the motor vessel "Sea Tiger," a 1973 50' Tollycraft bearing Official No. 1074456, and her engines, tackle, appurtenances, etc. ("Vessel") filed a Complaint on June 2, 2021. *See* Doc. No. 1. Plaintiffs-in-Limitation seek exoneration from, or limitation of, liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, for all claims arising out of, resulting from, or in any way connected with a fire on the Vessel on March 15, 2021 in Oceanside Harbor in Oceanside, California. *See id.* ¶¶ 1, 6. On June 14, 2021, the Court granted Plaintiffs-in-Limitation's ex parte application for (1) an order approving stipulation for value and costs and letter of undertaking, (2) an order directing monition to issue and restraining all suits, and (3) an order directing execution of monition and publication of notice. *See* Doc. No. 6. As relevant to the instant motion, the Court ordered any potential claimants to file claims on or before July 14, 2021. *See* Doc. No. 6 at 2.

On July 22, 2021, Geico filed an "Answer in Admiralty to Complaint for Exoneration from, or Limitation of, Liability" and "Claim in Limitation." *See* Doc. No. 17; Doc. No. 17-1. On July 29, 2021, Geico filed the instant motion "for Leave to File its Answer and Counterclaim out of time" pursuant to Federal Rule of Civil Procedure 6(b). *See* Doc. No. 19 at 2. Attached to its motion, Geico attached two documents: (1) an "Answer in Admiralty to Complaint for Exoneration from, or Limitation of, Liability," which appears identical to the one Geico previously filed, and (2) a "Claim in Limitation," which is similar in most respects to the one Geico previously filed—but the attached exhibit does not include, for example, a demand for jury trial. *See* Exh. B, Doc. No. 19 at 16–22, 23–29.

## II. LEGAL STANDARD

As noted above, a court may grant an extension after time has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In the admiralty

and maritime context for limitation actions, Supplemental Rule F permits a court to "enlarge the time within which claims may be filed." Fed. R. Civ. P. Supp. R. F(4). The district court has discretion to give leave to file late claims after the monition period. *See Meyer v. New England Fish Co. of Oregon*, 136 F.2d 315, 316 (9th Cir. 1943) ("Ordinarily, the granting or withholding of permission to file claims after the expiration of the monition period is discretionary with the trial court."); *see also Matter of Hornblower Fleet, LLC*, No. 16-cv-2468-JM (LL), 2019 WL 2569551, at *3 (S.D. Cal. June 21, 2019) (quoting *Golden Gate Bridge, Highway & Transportation v. Golden Gate Bridge, Highway & Transportation Dist.*, Nos. 13–cv–05875–JST and 13-cv-02862-JST, 2014 WL 6706827, at *2 (N.D. Cal. Nov. 24, 2014)) (same). As elaborated by the Fifth Circuit:

> Admiralty is administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections. Consequently, we readily accept the guiding principle . . .that "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . " upon a showing of the reasons therefor.

*Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963) (citation omitted) (quoting 3 Benedict, Admiralty § 518, p. 542 (Knauth ed. 1940)) (first citing *Bombace v. Am. Bauxite Co.*, 39 F.2d 867, 869 (5th Cir. 1930); and then citing *Petition of New Jersey Barging Corp.*, 168 F. Supp. 925, 928 (S.D.N.Y. 1958)); *see also Matter of Hornblower Fleet, LLC*, 2019 WL 2569551, at *3 (applying the same standard adopted by the Fifth Circuit in *Texas Gulf Sulphur Co.*).

However, "relief from a tardy claim is not a matter of right. It depends on an equitable showing." *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993) (quoting *Texas Gulf Sulphur Co*, 313 F.2d at 363). In ruling on a motion to file a late claim, a district court should consider the following factors: "(1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely

affect the rights of the parties, and (3) the claimant's reasons for filing late." *Matter of Deng*, Nos. C 13-02659 WHA and C 13–05071 WHA, 2014 WL 1347380, at *8 (N.D. Cal. Apr. 3, 2014) (quoting *Golnoy Barge Co.*, 980 F.2d at 351).

### III. DISCUSSION

Because the July 22 filing was made after the July 14 deadline, Geico needed to show cause. *See* Fed. R. Civ. P. 6(b)(1)(B ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.")); Fed. R. Civ. P. Supp. R. F(4) ("For cause shown, the court may enlarge the time within which claims may be filed."); *Matter of Hornblower Fleet, LLC*, 2019 WL 2569551, at *4 (quoting *Texas Gulf Sulphur Co*, 313 F.2d at 363) ("[R]elief from a tardy claim is not a matter of right. It depends on an equitable showing."). Given that Geico's late July 22 filing fails to provide any information to establish good cause or excusable neglect, the Court sua sponte **STRIKES** Geico's July 22 Answer and Claim (Doc. No. 17) in their entirety.

Turning to the instant motion, the Court examines Geico's request under the three factors discussed above. *See Matter of Deng*, 2014 WL 1347380, at *8 (quoting *Golnoy Barge Co.*, 980 F.2d at 351). As to the first factor, the action is still in its early stages, and any delay associated with the late filing would be minimal. The deadline to file claims was July 14, *see* Doc. No. 6 at 2, and Geico filed this motion on July 29, *see* Doc. No. 19. The Early Neutral Evaluation Conference and the Case Management Conference, both set for August 24, 2021, have not taken place. *See* Doc. No. 15 at 1. As to the second factor, granting the motion will not adversely affect the parties' rights. Again, the action is in its early stages and discovery has not yet begun. *See* Noma Decl., Doc. No. 19 ¶¶ 8–9. And importantly, Plaintiffs-in-Limitation do not oppose the motion. *See* Noma Decl., Doc. No. 19 ¶ 7. As to the third factor, the Court finds that Geico's reasons for the late filing are sufficient. *See* Noma Decl., Doc. No. 19 ¶¶ 4–6. Overall,

the Court finds that the three factors weigh in Geico's favor.  Accordingly, the Court **GRANTS** Geico's motion for leave to file its late answer and claim.

### IV. CONCLUSION

For the foregoing reasons, the Court (1) sua sponte **STRIKES** Geico's July 22 Answer and Claim (Doc. No. 17) in their entirety and (2) **GRANTS** Geico's motion for leave to file a late answer and claim.  The Court **ORDERS** Geico to file an answer and claim on or before **August 13, 2021**.  The Court **VACATES** the August 30, 2021 hearing on this matter.

**IT IS SO ORDERED**.

Dated: August 5, 2021

*[signature]*

Hon. Michael M. Anello
United States District Judge